{¶ 1} On July 30, 2004, defendant-appellant, Andre Crawford, filed an application for reconsideration of this Court's opinion and judgment. Crawford contends that the procedure used by the trial court to impose the maximum prison term, journalized on March 15, 1999, denied him due process in violation of the Fifth,Sixth, and Fourteenth Amendments to the United States Constitution on the authority of Blakely v. Washington (2000), 542 U.S. ___, 124 S.Ct. 2531. The State has not responded to the application.
 {¶ 2} The United States Supreme Court did not release its decision in Blakely until two days after the oral argument of June 22, 2004, on Crawford's appeal. At no time before July 30, 2004, the date our judgment was entered affirming the trial court, did counsel for Crawford raise or seek leave to raise an assignment of error, pursuant to App.R.12(A)(1)(b) and 16(A)(7), challenging the length of his sentence under the guidelines for an appeal of right set forth in R.C. 2953.08(A).
 {¶ 3} App.R. 26 has no guidelines for granting an application for reconsideration, but we have adopted a test that requires an appellate court to determine if the application for reconsideration calls to our attention an obvious error in the decision or an issue that was not considered when it should have been considered. See State v. Black (1991), 78 Ohio App.3d 130,132, 604 N.E.2d 171.
 {¶ 4} Blakely raises two issues that are relevant to Crawford's maximum sentence as provided in R.C. 2929.14(C): (1) must a jury determine the facts used to support imposition of the maximum sentence under the sentencing factors in R.C. 2929.14(C), and (2) does Blakely operate retroactively?
 {¶ 5} Crawford has not addressed the issue of retroactive application of Blakely. Therefore, we decline to consider this issue sua sponte, when it is raised for the first time by an application for reconsideration.
 {¶ 6} It is, therefore, ordered that defendant-appellant's application for reconsideration is overruled.
Winkler, P.J., Gorman and Sundermann, JJ., concur.