DECISION.
{¶ 1} After a bench trial, defendant-appellant, Arthur Nelson, was convicted of one count of domestic violence in violation of R.C. 2919.25(A). On appeal, Nelson raises one assignment of error, that his conviction was against the manifest weight of the evidence.
 {¶ 2} A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[1]
We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.[3] A new trial should be granted on the weight of the evidence only in exceptional cases.[4]
 {¶ 3} Domestic violence, pursuant to R.C. 2919.25(A), is defined in this manner: "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 4} At trial, Cincinnati police officer Kober testified that he responded to a radio dispatch concerning domestic violence on May 31, 2003. At about 2:30 in the morning, he proceeded to the residence of the victim, Renee Dorsey. Nelson was not in the residence when the officer arrived. Upon entering the residence, the officer saw that blood covered Dorsey's shirt, neck, and face. The fire department had already arrived, and paramedics were administering aid to Dorsey. The officer observed blood on the walls, in the entryway of the residence, and in the kitchen. The officer testified that, from the appearance of her clothes, he surmised that Dorsey had been in some kind of altercation. At this time, the officer took several photographs. Photographs were submitted at trial showing Dorsey's condition. The officer had experience in domesticviolence cases: he testified that he had previously responded to similar complaints on other occasions. Portions of a 911 tape were played in which Dorsey named Nelson as the person who had struck her, as well as her son. Nelson was in the process of adopting the son. Nelson was acquitted of a domestic-violence charge concerning the son.
 {¶ 5} Dorsey did not testify at trial, but Nelson did. Nelson admitted that he lived at the address given in the 911 call and that he lived there with his wife and son. He also admitted that he was present just before the 911 call was made. His testimony was that Dorsey had started hitting him first. He testified that he was injured as well, but that when he was arrested about one week later, his injuries had healed, including the black eye he had suffered during the altercation. Nelson admitted that the son had tried to intervene during the altercation.
 {¶ 6} After reviewing the record, we hold that the jury did not lose its way and create a manifest miscarriage of justice, and that this is not the exceptional case where we must reverse Nelson's conviction and order a new trial. Although Nelson does not argue the matter, the trial court properly admitted the evidence of the 911 call because the state offered it to prove the truth of what Dorsey had related to the testifying officer, and because it met the foundational requirements for admission as an excited utterance pursuant to Evid.R. 803(2): the existence of a startling or shocking event; the declarant possessed firsthand knowledge of that event and was under the stress of excitement caused by the event when her statement was made; and the declarant's statement related to that startling event.[5]
 {¶ 7} We are cognizant that, in Crawford v. Washington, the United States Supreme Court has held that where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation.[6] In this case, even if the 911 tape was admitted as a criminal hearsay exception in error,[7]
Nelson testified and agreed that the altercation had occurred at the time and place alleged and that the other party to the altercation was Dorsey. But Nelson insisted that Dorsey was the aggressor. The officer described what he saw when he responded to the radio dispatch. This case turned on the credibility of the witnesses, and credibility was primarily for the trier of facts to determine. Therefore, we hold that Nelson's conviction was not against the manifest weight of the evidence.[8]
Accordingly, we overrule the single assignment of error and affirm the trial court's judgment.
Judgment affirmed
HILDEBRANDT, J., concurs.
Gorman, J., concurs separately.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
[4] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
[5] See State v. Marbury, 2nd Dist. No. 19226, 2004-Ohio-1817, at ¶ 37, motion for leave to filed delayed appeal denied, 103 Ohio St.3d 1403, 2004-Ohio-1802, 812 N.E.2d 1287, appeal not accepted for review, ___ Ohio St.3d ___, 2004-Ohio-4505, 816 N.E.2d 256.
[6] (2004), ___ U.S. ___, 124 S.Ct. 1354.
[7] See State v. Nix, 1st Dist. No. C-030696, 2004-Ohio-5502, at ¶ 76-79.
[8] See id.; State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272; see, also, State v. Daniels, 9th Dist. No. 03CA008261, 2004-Ohio-828 (court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other).