OPINION
{¶ 1} Defendant-appellant, Ruby Farley, appeals her conviction and sentence in the Butler County Court of Common Pleas on one count of vehicular assault in violation of R.C. 2903.08(A)(2). We affirm.
 {¶ 2} On the evening of February 7, 2003, appellant failed to stop for a red light at the intersection of N.W. Washington Blvd. and Main Street in Hamilton, Ohio. Appellant had ten open driving suspensions at the time of the offense. She collided with the vehicle of Rodney Getz and his then-fiance and present-wife, Shiloh Lockwood. Getz, attempting to make a left turn onto N.W. Washington Blvd., entered the intersection under a green traffic signal and waited for the oncoming traffic to stop before proceeding. Appellant was traveling on Main Street heading in the direction toward Getz's car. As Getz tried to clear the intersection, appellant struck the passenger side of the car where Lockwood was seated. Lockwood suffered several serious injuries including crushed bones in her foot, lacerations to her face and scalp, and a damaged optic nerve that affected her vision.
 {¶ 3} At appellant's jury trial, several witnesses testified that all of the intersection's traffic signals were red when appellant struck the victims' vehicle. One witness said that she did not see appellant's brake lights illuminate as appellant disobeyed the traffic signal.
 {¶ 4} Hamilton Police Officer Doug Zeek, the lead traffic officer at the time, appeared at the scene that night. He testified that appellant explained to him that "the light was yellow and she had to get through the intersection when it changed red, so she had to punch it, accelerate to get through it safely." At a subsequent interview, appellant altered her explanation of the events that night. Officer Zeek said, "[appellant] changed her mind and said her light had been yellow, and that if her light was red then the other light was red for the other car, and therefore they were equally at fault."
 {¶ 5} On April 30, 2003, appellant was indicted on one count for vehicular assault, a third-degree felony when driving under suspension pursuant to R.C. 2903.08(A)(2) and R.C. 2903.08(C), and on one count for driving under suspension, a first-degree misdemeanor pursuant to R.C.4507.02(B). On February 18, 2004, a jury trial was held, and appellant was found guilty on both counts. The trial court imposed a four-year prison sentence, the first year of which was mandatory. The trial court also suspended appellant's driving privileges for five years and imposed a $1200 fine. Appellant now appeals the conviction and sentence raising five assignments of error.[1]
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred to the prejudice of appellant by denying her `stipulation of driving under suspension; motion in limine' and permitting the admission of her prior driving record into evidence."
 {¶ 8} Appellant argues that it was improper for her driving record to be admitted into evidence. We disagree. Vehicular assault is a third-degree felony when, at the time of the offense, the "offender was driving under a suspension imposed under Chapter 4507. or any other provision of the Revised Code." R.C. 2903.08(C).[2] See, also, State v.Stafford, 158 Ohio App.3d 509, 2004-Ohio-3893, ¶ 30-32 (out-of-state suspension provided basis for enhanced penalties under aggravated vehicular assault and vehicular assault charges). When a defendant's prior convictions are used to enhance the penalty for an offense, the convictions become elements of the new offense which must be proven beyond a reasonable doubt to convict. State v. Henderson (1979),58 Ohio St.2d 171, 173-174. Accordingly, the state must produce evidence that proves the defendant was previously convicted.
 {¶ 9} Before trial, appellant moved to exclude her driving record from evidence. Appellant attempted to stipulate that she was driving under suspension, but the court denied the motion. A stipulation is a "[v]oluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof." Burdge v. Bd. ofCty. Commrs. (1982), 7 Ohio App.3d 356, 358, quoting Black's Law Dictionary (5 Ed.Rev. 1979). Neither the state nor a trial court is required to accept a defendant's stipulation as to the existence of prior convictions. See State v. Thompson (1988), 46 Ohio App.3d 157, 159;State v. Smith (1990), 68 Ohio App.3d 692, 695.
 {¶ 10} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Issa, 93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Barnes, 94 Ohio St.3d 21, 23, 2002-Ohio-68.
 {¶ 11} In the case at bar, the state was required to prove beyond a reasonable doubt the element of the enhanced penalty for vehicular assault, namely that appellant was driving under suspension when the offense occurred. Because the state did not agree to appellant's proposed stipulation, the trial court had no stipulation to accept. Furthermore, we find that the trial court did not err in finding appellant's driving record admissible as evidence produced to demonstrate that appellant's driver's license was under suspension when she collided with the victims' automobile. Appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred to the prejudice of appellant by denying her motion under criminal rule 29 to acquit her of the charge of aggravated vehicular assault [SIC] under revised code section 2903.03(a)(2)."
 {¶ 14} Assignment of Error No. 4:
 {¶ 15} "The state's evidence was insufficient to support the jury's verdict."
 {¶ 16} Because they involve the same analysis, we now address appellant's assignments of error two and four together. Appellant alleges (1) the trial court erred when it denied her Crim.R. 29 motion and (2) the evidence was insufficient to support the jury conviction. Appellant argues that there was insufficient evidence to demonstrate that she was driving recklessly.
 {¶ 17} An appellate court applies the same test in reviewing a trial court's denial of a Crim.R. 29 motion for acquittal as reviewing a challenge based on the sufficiency of the evidence. See State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
 {¶ 18} In reviewing the trial court's decision, an appellate court must examine the evidence presented at trial and determine whether such evidence, if believed would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 263. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Carter, 72 Ohio St.3d 543, 553,1995-Ohio-104.
 {¶ 19} R.C. 2903.08(A) provides in pertinent part:
 {¶ 20} "No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person or another's unborn child * * * [r]ecklessly."
 {¶ 21} R.C. 2901.22(C) states, "[a] person acts recklessly when, with heedless indifference to the consequences, [she] perversely disregards a known risk that [her] conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 22} After a thorough review of the record, we find that the evidence was sufficient for a rational trier of fact to find that appellant acted recklessly. Several witnesses testified that appellant ran a red light at a busy intersection. Appellant admitted to Officer Zeek on the scene that not only did she disobey the signal to stop, but she actually accelerated through the intersection after seeing the light change from yellow to red. Such evidence supports a finding that appellant evinced a heedless indifference to the safety of others by intentionally disregarding a red traffic signal and speeding up. SeeState v. Smith (Oct. 20, 1997), Butler App. Nos. CA96-09-186, -190.
 {¶ 23} Appellant cites several cases for the proposition that proof of excessive speed alone is insufficient to constitute criminal recklessness. See State v. Whitaker (1996), 111 Ohio App.3d 608,611-613; In re Gilbert (Sept. 28, 1987), Butler App. No. CA86-10-144. However, appellant's 0argument ignores the Sixth District's own statement in Whitaker that the court was not willing "to say that speeding alone can never amount to criminal recklessness." Whitaker at 612, fn.2. This argument also fails to recognize that appellant acted recklessly by traveling at an excessive speed in addition to disobeying the red traffic signal at a busy intersection. We overrule appellant's second and fourth assignments of error accordingly.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "The prosecutor prejudiced the jury by repeatedly stating that appellant had admitted that she `punched it' to run a read [sic] light when, in fact, the officer who referred to that statement testified that he could not remember her making that statement and that there was no evidence that defendant was, in fact, speeding."
 {¶ 26} Appellant argues that she was prejudiced by the prosecutor's comments during opening and closing statements that she told Officer Zeek that she "punched it" to get through the intersection. We find appellant's argument lacks merit.
 {¶ 27} To determine whether a prosecutor's remarks at trial constituted misconduct, we must determine (1) whether the remarks were improper and (2) if so, whether the remarks prejudicially affected the accused's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13, 14. During opening and closing statements, counsel is accorded latitude and allowed fair comment on the facts to be presented at trial and later, in describing what the evidence has shown. See, e.g., State v. LaMar,95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 125-127; State v. Loza,71 Ohio St.3d 61, 78, 1994-Ohio-409.
 {¶ 28} In the case at bar, appellant argues that the jury was improperly swayed by comments during opening and closing statements when the prosecutor attributed the characterization of "punching it" to appellant herself. Officer Zeek testified during cross-examination that he could not tell if the characterization could be attributed to him or appellant. However, during redirect examination, the following exchange occurred:
 {¶ 29} "Q. What exactly did the defendant say she did?
 {¶ 30} "A. She stated the light was yellow and she had to get through the intersection when it changed red, so she had to punch it, accelerate to get through it safely."
 {¶ 31} Despite the confusion as to whom the characterization could be attributed, we do not find the prosecutor's remarks that appellant admitted she "punched it" to be improper in light of this testimony. They were fair comments based on the evidence that appellant attempted to go through the intersection by accelerating.
 {¶ 32} Moreover, the trial court instructed the jury that it must decide the case on the evidence and that opening statements and closing arguments are not evidence. We presume that the jury followed the court's instructions. State v. Loza, 71 Ohio St.3d at 79. Appellant's third assignment of error is overruled.
 {¶ 33} Assignment of Error No. 5:
 {¶ 34} "Appellant's sentence of more than one year to prison for committing aggravated vehicular assault under revised code section2903.08(a)(2) violated her right to trial by jury."
 {¶ 35} In appellant's final assignment of error, she argues that her right to a jury trial was violated when she was sentenced to prison for four years. Appellant cites the recent United States Supreme Court decisions in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, and U.S. v. Booker (2005), ___ U.S. ___, 125 S.Ct. 738, for the proposition that Ohio's sentencing scheme is unconstitutional.
 {¶ 36} Appellant was convicted of vehicular assault in violation of R.C. 2903.08(A)(2), a third-degree felony. Ohio's sentencing statutes provide that it is within the court's discretion to sentence an offender convicted of a third-degree felony to a prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). A sentencing court is limited by R.C. 2929.14(B), which states the following:
 {¶ 37} "[T]he court shall impose the shortest prison term authorized for the offense pursuant to [R.C. 2929.14(A)], unless one or more of the following applies:
 {¶ 38} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 39} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 40} In State v. Berry, 159 Ohio App.3d 476, 2004-Ohio-6027, this court held that Blakely is inapplicable to Ohio's sentencing scheme. "[The] provisions [of] R.C. 2929.14(B) `involve guidance for determining the impact of a sentence on public protection and proportionality — determinations that have always been made by a judge in deciding fairness and necessity of a sentence.'" Id. at ¶ 40, citing Griffin Katz, Ohio Felony Sentencing Law (2004) 482, Section 2:22. "These discretionary factors are used to guide the court in imposing a sentence within the standard statutory range." Id. at ¶ 46 (internal citation omitted).
 {¶ 41} Furthermore, in analyzing the extent to which Blakely may apply to Ohio's sentencing guidelines, we have held that the statutory limitation contained in R.C. 2929.14(B) is not equivalent to the statutory maximum as described in Blakely. State v. Combs, Butler App. No. CA2000-03-047, 2005-Ohio-1923, ¶ 58 (imposition of maximum sentence within statutory range does not violate defendant's right to a jury trial). Instead, these provisions act to limit the sentence a court may impose within the statutory range provided in R.C. 2929.14(A). Id.
 {¶ 42} The judicial findings contained in R.C. 2929.14(B)(2) are meant to assist the court in determining the appropriate sentence from within the range set in R.C. 2929.14(A). Id. at ¶ 59. A judge can properly consider the seriousness of the crime as well as the likelihood of recidivism as a means to guide his broad discretion in sentencing within the statutory range.
 {¶ 43} Consequently, the Combs holding that the imposition of a maximum sentence within the statutory range is not violative of a defendant's Sixth and Fourteenth Amendment constitutional rights leads to the natural and necessary conclusion that the imposition of a nonminimum sentence within the statutory range is also constitutionally sound. Appellant's four-year sentence falls within the one to five year range prescribed for a third-degree felony. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 44} Judgment affirmed.
Young and Valen, JJ., concur.
[1] We note that on no less than seven occasions, appellant's brief refers to an aggravated vehicular assault charge. The record, however, contains no indication that appellant was ever charged with this offense. In the interests of justice, we will construe appellant's references to "aggravated vehicular assault" as meaning "vehicular assault" and analyze the assignments of error accordingly.
[2] The driving suspension provisions of the Revised Code have since been moved to R.C. Chapter 4510.