OPINION
{¶ 1} Defendant-appellant, Rofino Primo, appeals his conviction and sentence in Butler County Court of Common Pleas for the offense of patient abuse. We affirm the judgment for the reasons outlined below.
 {¶ 2} Appellant was a nurse's assistant at a Butler County nursing care facility when he was charged with patient abuse for allegedly touching the breast of an elderly female patient ("victim") in 2003.
 {¶ 3} The incident occurred when appellant and two female nurse's assistants entered the victim's room to attend to the needs of the victim and another patient in the room. One of the assistants testified that she observed appellant walk over to the victim's bed and put his hand on the victim's breast. Appellant reportedly shook the victim and asked her to identify what it was he was touching. The witness testified that the victim was crying and telling appellant to stop. When the victim answered that appellant was touching her breast, appellant said, "That's my girl," and released the victim's breast.
 {¶ 4} The other nurse's assistant testified that she observed appellant touch the victim's breast and heard appellant ask the victim if he was touching her watermelon. The second witness testified that the victim was crying, was indicating that she was being hurt, and was asking that the conduct stop.
 {¶ 5} One of the nurse's assistants reported the incident to her supervisor. Eventually two nurse supervisors and the assistant who reported the conduct would testify that they returned to the victim's room to check on her well-being several minutes after the incident. They testified that the victim began crying again and, when they asked how she was doing, the victim responded that a black man pinched her breast.[1] One of the nurse supervisors testified that she examined the victim at that time and no signs of injury were present, but did find a bruise on the victim's breast a few days later.
 {¶ 6} When confronted by a care facility supervisor about his actions, appellant indicated that he was kidding with the victim. Appellant would eventually admit to an investigator that he touched the victim's breast.
 {¶ 7} After a jury found appellant guilty of patient abuse, the trial court sentenced appellant to 17 months in prison. Appellant appeals his conviction and sentence, setting forth two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court erred to the prejudice of defendant-appellant when it admitted into evidence certain statements made by the victim."
 {¶ 10} The basis of this assignment of error is the trial court's decision to admit into evidence as an excited utterance the victim's statements made to the nurse's assistant and nursing supervisors that a black man pinched or grabbed her breast.
 {¶ 11} Appellant does not appear to contest whether the statements constituted an excited utterance. In any event, we agree with the trial court that the victim's statements at issue were excited utterances. See Evid.R. 803(2); State v. Ducey,
Franklin App. 03AP-944, 2004-Ohio-3833 at ¶ 17-19, citing Statev. Taylor (1993), 66 Ohio St.3d 295, 300-301 (while hearsay is generally inadmissible, excited utterances, or statements relating to a startling event or condition made while the declarant is under the stress of excitement caused by the event or condition are excluded from the hearsay rule). A review of the record shows that the victim's statements related to the startling event while the victim was still under the stress caused by the event.
 {¶ 12} Appellant specifically argues that the viability of the excited utterance exception to the hearsay rule has been abrogated by Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354. The U.S. Supreme Court in Crawford found that the Confrontation Clause of the Sixth Amendment bars the admission of "testimonial hearsay" unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. Crawford at 68.
 {¶ 13} While a comprehensive definition of the term "testimonial" was not provided, the Supreme Court indicated that the term testimonial applies, at a minimum, to prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and responses to police interrogations. Crawford at 68; Statev. Byrd, 160 Ohio App.3d 538, 2005-Ohio-1902, at ¶ 12-16.
 {¶ 14} The threshold determination, therefore, is whether the statements in question are classified as testimonial. City ofAkron v. Hutton, Summit App. No. 22425, 2005-Ohio-3300, at ¶ 15; see State v. McClain (C.A.2, 2004), 377 F.3d 219, 222, at fn. 1 (Crawford does not overrule prior Confrontation Clause jurisprudence as it applies to nontestimonial statements).
 {¶ 15} Limiting our focus to statements considered excited or spontaneous utterances, we have found that the following cases influence the instant case: State v. Gaines, Hamilton App. No. C-040122, C-040139, 2005-Ohio-3032, at ¶ 23 (where utterance made after declarant witnessed offense and before the police arrived, statement could not be deemed "testimonial" within the meaning ofCrawford and not constitutional violation); State v. Nelson,
Hamilton App. No. C-040038, 2004-Ohio-6153, at ¶ 8 (stated in concurring opinion that contents of 911 tape did not constituteCrawford testimonial hearsay because declarant was not a suspect, and excited utterances not made during police interrogation or in response to any other form of structured official questioning); State v. Aguilar (Ariz.App. 2005),210 Ariz. 51, 107 P.3d 377, 379 (excited utterances heard and testified to by lay witness are not Crawford-style testimonial statements); State v. Ferguson (2004), 216 W.Va. 420,607 S.E.2d 526, 529 ("testimonial hearsay" does not extend to statements to non-official and noninvestigatorial witnesses made prior to and apart from any governmental investigation); Statev. Nelson (N.C.App. 2005), 612 S.E.2d 446 (where declarant made statements to a private security guard, there is no basis for classifying her statements as "testimonial evidence").
 {¶ 16} As we previously stated, the victim made the statements to a nurse's assistant and two nursing supervisors when they entered her room and inquired about her well-being. The victim began crying and indicated that a black man had pinched or grabbed her breast. After reviewing the record and the applicable case law, we find that the statements in question were not testimonial in nature, and the admission of these statements by the trial court did not violate appellant's right to confrontation.
 {¶ 17} Further, we find that violations of the Confrontation Clause are subject to a harmless-error review; as one court has noted, "Crawford does not suggest otherwise." State v. Nix,
citing United States v. McClain, 377 F.3d at 222. Any error that does not affect the substantial rights of the accused is harmless error and may be disregarded. See Crim.R. 52(A).
 {¶ 18} A review of the record reveals that the introduction of the victim's statements was harmless when there was clear evidence presented by two eyewitnesses, and appellant's statement, that appellant touched the victim's breast.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} The trial court erred to the prejudice of defendant-appellant when it sentenced him to a term of imprisonment in excess of the minimum sentence.
 {¶ 22} Appellant argues that a jury was required to make the necessary findings for the imposition of more than the minimum prison term, pursuant to Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 23} The crime of patient abuse is a felony of the fourth degree. R.C. 2903.34(A)(1) and (C). R.C. 2929.14(A)(4) provides for a prison term of six months to 18 months for felonies of the fourth degree.
 {¶ 24} The trial court found that appellant had not previously served a prison term, and stated that imposition of the shortest prison term for a fourth-degree felony would demean the seriousness of the offense and not adequately protect the public. See R.C. 2929.14(B). The trial court also considered and discussed recidivism and seriousness factors in making its sentencing decision. See R.C. 2929.12.
 {¶ 25} We have considered appellant's arguments, reviewed the record and the pertinent case law. Appellant's second assignment of error is overruled on the basis of State v. Combs, Butler App. No. CA2005-03-047, 2005-Ohio-1923; State v. Farley Butler App. No. CA2004-04-085, 2005-Ohio-2367, at ¶ 43 (Combs' holding that maximum term within statutory range does not violate the constitution "leads to the natural and necessary conclusion that the imposition of a nonminimum sentence within the statutory range is also constitutionally sound"); and State v. Botos,
Butler App. No. CA2004-06-145, 2005-Ohio-3504, at ¶ 24.
 {¶ 26} Judgment affirmed.
Walsh and Young, JJ., concur.
[1] Testimony differed concerning the terms used by the victim to describe her breast and whether her breast was grabbed or pinched.