OPINION
{¶ 1} Defendant-appellant, Melissa D. Sizemore, was indicted on two third-degree felony counts of operating a vehicle under the influence of alcohol ("OVI") and one count of driving while under suspension. In exchange for a guilty plea on one of the OVI counts, the state agreed to dismiss the remaining charges.
 {¶ 2} The trial court imposed a sentence that included a four-year prison term, prompting the immediate appeal in which appellant claims, as her sole assignment of error, that the trial court erred by not imposing the shortest possible prison term.
 {¶ 3} Appellant submits that because she has not previously served a prison term, the imposition of a four-year sentence violates her constitutional right to a jury trial since a jury must determine and find beyond a reasonable doubt those factors necessary to enhance a prison sentence beyond the minimum term. In support of her position, appellant relies on the Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 4} Appellant's assignment of error is not well-taken. This court has repeatedly refused to apply the Blakely decision to Ohio's felony sentencing scheme and has held that the imposition of more than a minimum sentence upon an individual who has not previously served a prison term does not violate the constitutional right to a jury trial. State v. Brumley, Butler App. No. CA2004-05-114, 2005-Ohio-5768, ¶ 18; State v. Farley,
Butler App. No. CA2004-04-085, 2005-Ohio-2367, ¶ 43; and Statev. Combs, Butler App. No. CA2005-03-047, 2005-Ohio-1923, ¶ 38.
 {¶ 5} We accordingly conclude that appellant's right to a jury trial was not violated and that the trial court made the necessary determinations under Ohio's sentencing laws to impose more than the minimum sentence for a third-degree felony OVI offense.
 {¶ 6} Appellant's sole assignment of error is hereby overruled.
 {¶ 7} Judgment affirmed.
Walsh, P.J., and Young, J., concur.