OPINION
{¶ 1} Defendant-appellant, Glenda Meckstroth, appeals the decision of the Clermont County Court of Common Pleas sentencing her to a greater than minimum sentence upon her conviction for operating a vehicle under the influence of alcohol. We affirm the decision.
 {¶ 2} Appellant was indicted on a fourth-degree felony count of operating a vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), and a misdemeanor charge of failure to reinstate license, in violation of R.C.4510.21.[1] In exchange for a guilty plea on the OVI count, the state agreed to dismiss the remaining charge. The trial court imposed a sentence that included a 29-month prison term, prompting the immediate appeal in which appellant claims, as her sole assignment of error, that the trial court erred by not imposing the shortest possible prison term.
 {¶ 3} Appellant first contends that the trial court's finding that the minimum sentence would demean the seriousness of her conduct and not adequately protect the public from future criminal conduct is not supported by the record. We disagree.
 {¶ 4} R.C. 2929.14(B) provides in pertinent part as follows:
 {¶ 5} "[I]f the court imposing a sentence upon an offender for a felony elects * * * to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless * * * the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B) "does not require that the trial court give its reasons for its finding[s] before it can lawfully impose more than the minimum authorized sentence." State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, syllabus.
 {¶ 6} In the present matter, the trial court made both of these findings on the record at the sentencing hearing, and although not required to, provided supporting reasons. Appellant had been convicted of five OVI offenses since 1985, five disorderly conduct while intoxicated charges, open container violations, and domestic violence. She had been placed on community control nine times and had 12 violations. This record amply supports the trial court's conclusion that a minimum sentence would demean the seriousness of the present offense, and not adequately protect the public.
 {¶ 7} Appellant next contends that because she has not previously served a prison term, the imposition of a greater than minimum sentence violates her constitutional right to a jury trial. Citing the U.S. Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, she argues that a jury, not the trial court, must determine beyond a reasonable doubt those factors necessary to enhance a prison sentence beyond the minimum term.
 {¶ 8} This court has repeatedly refused to apply theBlakely decision to Ohio's felony sentencing scheme and has held that the imposition of more than a minimum sentence on an individual who has not previously served a prison term does not violate the constitutional right to a jury trial. See State v.Brumley, Butler App. No. CA2004-05-114, 2005-Ohio-5768, ¶ 18;State v. Farley, Butler App. No. CA2004-04-085, 2005-Ohio-2367, ¶ 43; and, State v. Combs, Butler App. No. CA2005-03-047,2005-Ohio-1923, ¶ 38. We accordingly conclude that appellant's right to a jury trial was not violated and that the trial court made the necessary determinations under Ohio's sentencing statute to impose more than the minimum sentence. The assignment of error is overruled.
 {¶ 9} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] R.C. 4510.21 became effective January 1, 2004.