DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Gary L. Bolar appeals from the judgment of the Summit County Court of Common Pleas finding him guilty of resisting arrest under R.C. 2921.33(B) and obstructing official business under R.C. 2921.31(A). We affirm.
 {¶ 2} Defendant was indicted on one count of carrying concealed weapons, one count of resisting arrest, one count of heaving weapons under disability, and one count of obstructing official business. A jury trial ensued. On May 12, 2004, the jury returned a verdict of guilty on the charges of resisting arrest and obstructing official business. A sentencing hearing was held on the same day. The court sentenced Defendant to serve eight months for obstructing official business and six months for resisting arrest. The sentences were to run concurrently.
 {¶ 3} Defendant appealed, raising three assignments of error for our review. For ease of discussion, we will review all three assignments of error together.
 ASSIGNMENT OF ERROR I
"The convictions of [Defendant] for the charges of obstructing official business and resisting arrest in this case are against the manifest weight of the evidence and should be reversed[.]"
 ASSIGNMENT OF ERROR II
"The trial court incorrectly denied [Defendant's] motion for acquittal in violation of [Crim.R.] 29; specifically, there was not sufficient evidence to prove the offenses of obstructing official business and resisting arrest beyond a reasonable doubt."
 ASSIGNMENT OF ERROR III
"The trial court erred to the prejudice of [Defendant] and in violation of [Crim.R.] 29(A), Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States, when it denied [Defendant's] motion for acquittal."
 {¶ 4} In his three assignments of error, Defendant maintains that there was insufficient evidence to overcome his motion for acquittal, and that his conviction was against the manifest weight of the evidence. Specifically, Defendant claims that the evidence presented by the State was insufficient to prove beyond a reasonable doubt that Defendant obstructed official business and resisted arrest. We find that Defendant's assertions lack merit.
 {¶ 5} As an initial matter, this court notes that Defendant has completed his sentence for both of his convictions. Defendant was sentenced to six months for resisting arrest in violation of R.C.2921.33(B), a misdemeanor of the first degree, and eight months for obstructing official business, a violation of R.C. 2921.31(A), and a felony of the fifth degree. Defendant was sentenced on May 12, 2004, and was given fourteen days credit at that time. Thus, Defendant's concurrent sentence began to run on April 29, 2004.
 {¶ 6} Defendant's assignments of error as they pertain to his conviction for resisting arrest are moot. Defendant completed his sentence for the misdemeanor. Where a defendant has completed his sentence, `"an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."' State v. Berndt (1987), 29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 236, syllabus. Defendant has not shown any evidence that he will suffer some collateral disability or loss of civil rights as a result of his misdemeanor. Thus, Defendant's assignments of error, as they pertain to his misdemeanor, are moot, and will not be discussed.
 {¶ 7} Defendant has also completed his sentence for obstructing official business, a felony of the fifth degree. However, Defendant's appeal challenging his felony conviction is not moot even though he has satisfied his sentence. "[A] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. Golston
(1994), 71 Ohio St.3d 224, 227. Thus, we will address Defendant's assignments of error as they relate to his felony conviction for obstructing official business.
 {¶ 8} In his three assignments of error, Defendant maintains that his conviction was based on insufficient evidence and that it was against the manifest weight of the evidence. Sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins (1997),78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. Statev. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3.
 {¶ 9} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins,78 Ohio St.3d at 386. In reviewing a challenge to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons (1998), 82 Ohio St.3d 438,444, citing Jenks, 61 Ohio St.3d at 273.
 {¶ 10} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Gulley, supra, at 3, citing Thompkins, 78 Ohio St.3d at 390. (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 11} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. Sykes Constr. Co. v. Martell
(Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5.
 {¶ 12} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) Statev. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. CuyahogaFalls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at 5.
 {¶ 13} Defendant was convicted of obstructing official business in violation of R.C. 2921.31(A), a fifth degree felony. R.C. 2921.31
provides that:
"[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties. * * * If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."
This court does not find that the jury acted against the manifest weight of the evidence in finding that Defendant was guilty of obstructing official business.
 {¶ 14} Former Akron police officer Eric Smith (Officer Smith) testified that he had been working on the morning of September 18, 2003. At about 9:45 that morning, he had been dispatched to 922 Peckham Street to investigate a call that a person in the area was dealing drugs and carrying a weapon. Officer Smith had been given a detailed description of the suspect and the clothes he was wearing. Further, Officer Smith had been told that when the suspect saw a police officer, he would go up to a house, enter that house, and pretend to live there.
 {¶ 15} Officer Smith testified that he proceeded to the location and saw a man who perfectly matched the description he had been given of the suspect. Officer Smith pulled his car over and asked the suspect to stop and talk to him. The suspect ignored Officer Smith and he walked towards 912 Peckham, he walked up to the porch and then ran inside of the house. Officer Smith went onto the porch and drew his gun. He opened the door to the house and stepped in. Officer Smith heard a loud thud and then Defendant came running out of the house towards him.
 {¶ 16} Officer Smith testified that he conducted a pat-down, but did not feel any weapons. Suspecting that Defendant had thrown his weapon inside of the house, Officer Smith tried to handcuff him to investigate further. Defendant would not follow Officer Smith's commands to put his hands behind his head. Defendant kept spinning around, preventing Officer Smith from handcuffing him. After Officer Smith had been trying to handcuff Defendant for about 10 — 15 seconds, Defendant pushed away from the wall and took off running out the door. Another police officer was coming up to the house at that time. Defendant ran into that officer, and they both fell. Officer Smith had run after Defendant and tripped over both of them. The fall injured both police officers. It took the officers a while to get Defendant to cooperate and to get him handcuffed. Defendant was trying to get up and run again, Officer Smith testified. A loaded gun was found in the living room of the house Defendant had run into. The occupants of the house, who had been awakened by the noise, stated that they did not know Defendant and had never seen the weapon before.
 {¶ 17} Based on the above evidence, we do not find that Defendant's conviction for obstructing official business was against the manifest weight of the evidence. A reasonable jury could have found, based on the above testimony, that Defendant purposefully tried to hinder or delay Officer Smith from investigating the call he had received. Several courts have found that a suspect who flees or otherwise impedes the completion of an officer's lawful duties, even after committing a minor non-arrestable offense, can be convicted for obstructing official business. See State v. Davis (2000), 140 Ohio App.3d 751, 752-753;State v. Zefi (Mar. 15, 2001), 10th Dist. No. 00AP-950; Akron v. Burns,
9th Dist. No. 21338, 2003-Ohio-3785, ¶ 40-57.
 {¶ 18} For the Defendant to have been found guilty of obstructing official business, the State must have shown that Defendant, without privilege, prevented, obstructed or delayed the performance of the police officer who was acting in his official capacity. R.C. 2921.31(A). The above evidence shows that Officer Smith was attempting to investigate a call that a suspect was carrying a weapon and dealing drugs. Defendant perfectly matched the suspect's description. When Officer Smith asked Defendant to stop to talk to him, Defendant walked away, and then ran into a third person's house. Officer Smith tried to place Defendant in handcuffs. Defendant struggled and resisted, he would not cooperate with Officer Smith's requests. Defendant then pushed away from the wall and ran away. Defendant ran into another officer, causing both of them to fall. Officer Smith, running after Defendant, tripped over the second officer and fell. Both officers were injured. After a struggle, they finally placed Defendant in handcuffs.
 {¶ 19} Upon a careful review of the record, this court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found defendant guilty of obstructing official business. SeeOtten, 33 Ohio App.3d at 340. A reasonable juror could have found that Defendant, without privilege, acted in a way that obstructed and delayed the performance of Officer Smith's lawful investigation, and in so doing created a risk of physical harm to another person. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting defendant of obstructing official business.
 {¶ 20} Having found above that the weight of the evidence supports Defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of. See Roberts, supra, at 8. Thus, we find that the trial court did not err in denying Defendant's motion for acquittal. Accordingly, Defendant's three assignments of error are overruled.
 {¶ 21} Defendant's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Batchelder, J., Concur