OPINION
{¶ 1} Defendant-Appellant, Daniel Armstead, appeals from the judgment of conviction and sentence entered upon a jury's verdict finding Appellant guilty of one count of Felonious Assault. A timely Notice of Appeal was filed on October 1, 2004. On December 14, 2004, Counsel for appellant filed a brief, pursuant to Anders v. California (1997),388 U.S. 924, indicating that the within appeal was wholly frivolous. However, in said brief, counsel for Appellant raised two potential Assignments of Error. Those potential Assignments of Error are as follows:
 {¶ 2} "The evidence produced at trial was insufficient to prove beyond a reasonable doubt that appellant was guilty of the offense of felonious assault in violation of R.C. 2903.11(A).
 {¶ 3} "Appellant's conviction of felonious assault in violation of R.C. 2903.11(A) is against the manifest weight of the evidence."
 {¶ 4} Appellant's counsel further stated that Appellant had been notified of his right to file a pro se merit brief. No merit brief has been filed by Appellant.
 I. {¶ 5} "The evidence produced at trial was insufficient to prove beyond a reasonable doubt that appellant was guilty of the offense of felonious assault in violation of R.C. 2903.11(A).
 II. {¶ 6} "Appellant's conviction of felonious assault in violation of R.C. 2903.11(A) is against the manifest weight of the evidence."
 {¶ 7} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar.15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion."State v. Thompkins (1997), 78 Ohio St.3d 380, 390 .
 {¶ 8} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds in State v. Smith
(1997), 80 Ohio St.3d 89.
 {¶ 9} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence.State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Thompkins, 78 Ohio St.3d at 386.
 {¶ 10} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v. Scupholm
(Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, unreported.
 {¶ 11} In determining whether a conviction is against the manifest weight of the evidence, an appellate court: "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 12} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and Findings of Fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons (1998), 82 Ohio St.3d 438, 444, citing State v.Jenks, 61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; See, also, Otten, 33 Ohio App.3d at 340.
 {¶ 13} In this case, Appellant was convicted of Felonious Assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. R.C.2903.11(A)(1) provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another [.]"
 {¶ 14} Additionally, Appellant was also acquitted of Domestic Violence, in violation of R.C. 2919.25(A), a felony of fifth degree. Pursuant to R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 15} During the trial, the State presented testimony from seven witnesses. The State called the victim to testify regarding the incident which led to the charges for Felonious Assault and Domestic Violence. The victim testified that she had been involved in an intimate relationship with Appellant for approximately three and one-half years.
 {¶ 16} On the evening of November 23, 2002, the victim and Appellant went out to dinner and then to a local bar where they had several drinks. After leaving the bar, Appellant asked the victim to go out and get something to eat. The victim refused and asked to be dropped off at home for the evening. After a disagreement, Appellant dropped the victim off at home and went out with his friend. Approximately thirty minutes later, Appellant returned home and was visibly angry that the victim had not joined them. The victim testified that Appellant punched her in the head and knocked her off her chair onto the floor. Appellant then continued to repeatedly punch and kick her about the head and body. The victim escaped and ran out of the house, but was grabbed by Appellant and dragged back to the house, where the physical abuse continued. Eventually the victim crawled out an upstairs window to the safety of her neighbor's home. Shortly after the beating, the victim was transported to the hospital by a family friend, Thomas Burton. Mr. Burton testified that the victim was crying and upset and had sustained visible injuries.
 {¶ 17} Dr. Jodi Wazniak, the emergency room physician at Mercy Medical Center, testified that on the day of the incident, she took a medical history from the victim for the purpose of medical diagnosis and treatment, in which the victim described being beaten by the Appellant. Dr. Waznizk treated the victim for multiple lacerations, swelling, and bruises on the victim's head, neck, wrists, arms, and legs. Dr. Wazniak diagnosed the victim as suffering from closed head trauma, multiple lacerations, abrasions and contusions. The four lacerations on her head lips, right ear and eye required extensive sutures. The lip lacerations penetrated the area and required sutures on both the inside and outside of the lips. The doctor testified that the lasting effects of the lacerations would be visible scarring. Photographs were also introduced, which depicted the injuries as they appeared at the time of the incident.
 {¶ 18} Appellant rested his case without presenting any evidence or witnesses.
 {¶ 19} After a careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the trial court clearly lost its way when it found Appellant guilty of Felonious Assault. The trial court was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See, State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The testimony of the victim, the treating physician and other witnesses, including the neighbor, family friend and responding officers, established that Appellant committed the crimes as charged.
 {¶ 20} Based on the foregoing, this Court cannot find that Appellant's convictions were against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." State v. Bolar, Summit County App. Case No. 22145, 2005-Ohio-592, citing Roberts, supra at 4. Accordingly, having found that Appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence.
 {¶ 21} Accordingly Appellant's two Assignments of Error are not well taken and the judgment of the trial court is affirmed.
 {¶ 22} Attorney William F. McGinnis' Motion to Withdraw as Counsel for Appellant is hereby granted.
 {¶ 23} IT IS SO ORDERED.
By: Farmer, J., Hoffman, P.J. and Wise, J., concur.
 JUDGMENT ENTRY {¶ 24} For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence of the Stark County Common Pleas Court is affirmed. Costs taxed to Appellant.
 {¶ 25} Attorney William F. McGinnis' Motion to Withdraw as Counsel for Appellant is hereby granted.