OPINION
{¶ 1} Defendant-appellant, Eric J. Whyte, appeals the prison sentence imposed by the Butler County Court of Common Pleas for his convictions on two counts of trafficking in drugs. Judgment affirmed.
 {¶ 2} By plea agreement, appellant pled guilty to one count of trafficking in cocaine, a felony of the fourth degree, and a second count of trafficking in cocaine, which was charged as a felony of the third degree because of the weight of the cocaine sold. Appellant was sentenced to 12 months for Count One. Count Two required a mandatory prison term consistent with the statutory sentencing scheme under R.C. 2925.03(C)(4)(d). Appellant received a three-year prison term for Count Two, to be served concurrently with Count One. Appellant appeals the prison sentence imposed, presenting two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "The trial court erred to the prejudice of the defendant/appellant in imposing a prison sentence on the appellant for count one."
 {¶ 5} Appellant argues that imposition of a 12-month sentence for the fourth-degree felony count was in error when the factors cited by the trial court were "non-existent." Appellant specifically asserts that none of the R.C. 2929.13(B) factors were present to permit the imposition of prison over an available community control sanction. R.C. 2929.13(B)(1)(a)-(i).
 {¶ 6} The trial court found on the record at the sentencing hearing that appellant "attempted to cause or make an actual threat of physical harm to a person and/or a prior conviction that caused physical harm to a person and that he was convicted of domestic violence in Hamilton County, and further * * * that the offenses were committed while the defendant was under probation, community control sanctions * * *, and that he was under a community control probation in Brown County and Hamilton County at the time the offense was committed."
 {¶ 7} A review of the record before this court indicates that none of those specific findings is supported by the record. However, even if the trial court did not find that any R.C.2929.13(B)(1) factors apply, a trial court still has the authority to impose a prison term if the court considers the seriousness and recidivism factors and finds that a prison sentence, rather than community control, is warranted. State v.Beckman, Butler App. No. CA2003-02-033, 2003-Ohio-5003, at ¶ 12-13; State v. Roseberry (Feb. 24, 2000), Mahoning App. No. 99-JE-13; State v. Brewer (Nov. 24, 2000), Hamilton App. No. C-000148; R.C. 2929.11; R.C. 2929.12; R.C. 2929.13.
 {¶ 8} The trial court indicated that it weighed the seriousness and recidivism factors and found that appellant had an extensive prior criminal record, that appellant had failed to respond favorably to sanctions in the past, and that appellant demonstrated a pattern of drug and alcohol abuse-related offenses and failed to "truthfully acknowledge" that pattern and seek treatment. The trial court found that trafficking in drugs for profit had serious societal consequences, and concluded that appellant was not amenable to available community control sanctions.
 {¶ 9} Despite the trial court's inclusion of additional findings that were not supported by the record, we find that there was sufficient evidence in the record upon which the trial court properly relied to impose a prison sentence on Count One. See R.C. 2929.11; R.C. 2929.12; R.C. 2929.13.
 {¶ 10} Appellant also argues that the trial court failed to make the statutory findings necessary to impose the maximum sentence for Count One.
 {¶ 11} The maximum sentence for Count One is 18 months, and therefore, appellant's sentence of 12 months was not the maximum sentence for the fourth-degree felony.[1] Appellate counsel's confusion about the degree of felony was likely caused by a judgment of conviction, which indicated that Count One was a fifth-degree felony. That judgment entry was later corrected to accurately reflect that appellant was convicted of a felony of the fourth degree in Count One.
 {¶ 12} We reject the arguments set forth under this assignment of error. Any error in the imposition of a sentence for Count One was harmless where the sentence for that conviction is to be served concurrently with the longer sentence of another count. State v. Avery (1998), 126 Ohio App.3d 36, 52; State v.Tomlinson, Cuyahoga App. No. 83411, 2004-Ohio-3295, at ¶ 50-51 (defendant can show no ill effects from failure to make statutory maximum findings where sentence to run concurrent with mandatory prison term for another offense); State v. Bailey, Montgomery App. No. 19736, 2004-Ohio-273 at ¶ 8 (18-month sentence
 {¶ 13} for vehicular assault is irrelevant as a practical matter where 18-month sentence running concurrent to eight-year sentence for involuntary manslaughter).
 {¶ 14} Accordingly, appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The trial court erred to the prejudice of the defendant/appellant when it imposed a sentence beyond the statutory minimum in violation of the sixth andfourteenth amendments to the united states constitution."
 {¶ 17} Relying upon Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and its progeny, appellant argues that the findings required to impose more than the minimum prison term were neither admitted by appellant nor found by a jury.
 {¶ 18} Appellant's second assignment of error is overruled on the basis of State v. Combs, Butler App. No. CA2005-03-047, 2005-Ohio-1923 (imposition of sentence within Ohio's statutory range was constitutionally sound); State v. Farley, Butler App. No. CA2004-04-085, 2005-Ohio-2367, at ¶ 43, and State v. Botos,
Butler App. No. CA2004-06-145, 2005-Ohio-3504, at ¶ 24.
 {¶ 19} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.
[1] The trial court made the statutory findings to impose more than the minimum prison term in this matter. R.C. 2929.14(B)(2).