[Cite as *State v. Brown*, 2015-Ohio-3407.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                        :

       Plaintiff-Appellee,           :

                                   :

    - vs -                                    :

                                   :

KEIWAUN MARQUEZ BROWN,        :

       Defendant-Appellant.          :

CASE NO. CA2014-12-257

O P I N I O N
8/24/2015


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-06-0954


Michael T. Gmoser, Butler County Prosecuting Attorney, Audra Adams, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Keiwaun M. Brown, appeals from the convictions he received in the Butler County Court of Common Pleas after he was found guilty of possession of cocaine and possession of heroin following a jury trial. For the reasons stated below, we affirm.

{¶ 2} On July 30, 2014, Brown was indicted by a Butler County Grand Jury charging him with one count of possession of cocaine and one count of possession of heroin in

violation of R.C. 2925.11 as well as one count of obstructing official business in violation of R.C. 2923.31. The charges involved allegations that Brown fled from a Hamilton police officer and attempted to discard $1,400 of cocaine and heroin under a parked vehicle. A two-day jury trial began on October 6, 2014. After the conclusion of the evidence, the jury returned guilty verdicts as charged on all three counts of the indictment. Thereafter, Brown was sentenced to an 18-month prison term for possession of cocaine, an 18-month prison term for possession of heroin, and a 90-day jail term for obstructing official business. The sentences were ordered to be served concurrently, for an aggregate prison term of 18 months.

{¶ 3} Brown now appeals, asserting two assignments of error. For ease of discussion, the assignments of error will be addressed together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT CONVICTIONS FOR POSSESSION OF COCAINE AND HEROIN AS CHARGED IN COUNTS ONE AND TWO OF THE INDICTMENT.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE GUILTY VERDICTS FOR COUNTS ONE AND TWO WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Brown argues his possession of cocaine and possession of heroin convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.[1] Specifically, Brown asserts the state did not prove he possessed the cocaine and heroin. We disagree.

---

1. Brown does not challenge his obstructing official business conviction on appeal, and, as such, we will not discuss whether the conviction is against the manifest weight of the evidence and supported by sufficient evidence.

{¶ 9} At the outset, we note that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1987); *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 41. Nevertheless, although the two concepts are different, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. Therefore, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 10} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 11} However, while appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, "these issues are primarily matters for the trier of fact to decide." *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins* at 387.

{¶ 12} A conviction can be based on circumstantial evidence alone. *State v. Shannon*,

191 Ohio App.3d 8, 2010-Ohio-6079, ¶ 10 (12th Dist.). Circumstantial evidence is proof of certain facts and circumstances in a given case, from which the jury may infer other, connected facts, which usually and reasonably follow according to the common experience of mankind. *State v. Stringer*, 12th Dist. Butler No. CA2012-04-095 2013-Ohio-988, ¶ 31. Circumstantial evidence and direct evidence inherently possess the same probative value. *Id.* In some cases, certain facts can only be established by circumstantial evidence, and a conviction based thereon is no less sound than one based on direct evidence. *Shannon* at ¶ 10. In fact, circumstantial evidence may be more certain, satisfying, and persuasive than direct evidence. *State v. Ballew*, 76 Ohio St.3d 244, 249 (1996).

{¶ 13} Brown was convicted of possession of cocaine and possession of heroin in violation of R.C. 2925.11(A), which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession. *State v. Gaefe*, 12th Dist. Clinton No. CA2001-11-043, 2002-Ohio-4995, ¶ 9. Dominion and control can be proven by circumstantial evidence alone. *Stringer* at ¶ 32.

{¶ 14} After a thorough review of the record, we find Brown's convictions for possession of cocaine and possession of heroin were not against the manifest weight of the evidence. At trial, Hamilton Police Officer Casey Johnson testified that while on patrol in his police cruiser he observed Brown walking with a cigar and a slushie. Officer Johnson knew there were warrants pending for Brown's arrest so he parked and exited his cruiser and called out Brown's name. However, instead of going to Officer Johnson, Brown walked away

from the officer and stood on the other side of a parked car. When Officer Johnson followed Brown to the car and took out his Taser, Brown crouched down and moved in the opposite direction to ensure that the vehicle was always in between the two men. Officer Johnson explained that during this time, Brown went to the front of the vehicle, bent down, and placed something under the engine. After he discarded the item under the car, Brown fled to a nearby field. After fleeing 20 yards, Brown laid down on the ground and was arrested.

{¶ 15} While Brown was being arrested, two other Hamilton Police Officers, Officer Brian Gleason and Officer Chris Gibson, arrived at the scene. Officer Johnson stated that he and Officer Gleason searched the area around the parked vehicle and found a slushie and cigar on the ground by the driver's side. A cigar pack was found in the front of the vehicle, in the exact spot where Officer Johnson saw Brown bend down and place something under the vehicle. Inside the cigar pack were baggies of heroin and cocaine valued at approximately $1,400.

{¶ 16} Brown denies possession of the drugs and argues his behavior in hiding behind the vehicle and fleeing to the field is explained by his fear of being tased. The evidence at trial did establish that the incident occurred on a public street, in a high crime area, and the vehicle contained occupants who had a history of dealings with law enforcement. However, Officer Johnson stated no one came near the car during the exchange with Brown and the occupants of the vehicle complied with his instructions to remain still and did not throw anything out of the windows. Further, Brown admitted that due to his previous dealings with law enforcement, he knew he would be searched incident to an arrest. As the trier of fact, the jury is required to resolve factual questions and evaluate witness credibility and "a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317, ¶ 20. After reviewing the record, we cannot say that the jury clearly lost its

way and created such a manifest miscarriage of justice that Brown's convictions must be reversed. *See State v. Botos*, 12th Dist. Butler No. CA2004-06-145, 2005-Ohio-3504, ¶ 11-15 (constructive possession where defendant fled, made furtive movements, and stopped in location where drugs later found).

{¶ 17} In light of the foregoing, having found Brown's convictions for possession of heroin and possession of cocaine were not against the manifest weight of the evidence, we necessarily conclude the state presented sufficient evidence to support the jury's findings of guilt. Accordingly, Brown's first and second assignments of error are overruled.

{¶ 18} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.